## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

**GLADYS GARNER**

    *Plaintiff,*

v.

                                    No. _____

                                      **Jury Demand**

**DOLLAR TREE STORES, INC.**

    *Defendant.*

## NOTICE OF REMOVAL

Without waiving any defenses, pursuant to 28 U.S.C. § 1441, Defendant, Dollar Tree Stores, Inc, (hereinafter "Defendant"), by and through counsel, gives notice of the removal of this case from the Circuit Court for Shelby County, Tennessee to the United States District Court for the Western District of Tennessee, Western Division. As grounds for removal, Defendant shows the Court the following:

1.      This matter was originally filed in the Circuit Court of Shelby County, Tennessee, on April 15, 2021 naming as Defendant, Dollar Tree Stores, Inc. (hereinafter "Defendant"). A copy of Plaintiff's Complaint is attached hereto as **Exhibit A**.

2.      This action is a civil action for personal injuries as a result of an accident occurring in Shelby County, Tennessee, on April 18, 2020.  See **Exhibit A, Complaint Paragraph 4.**

3.      Defendant was served with a copy of the Summons in this action on or about April 21, 2021. This Notice of Removal is filed within thirty (30) days from the date Defendant received notice of the suit and is therefore proper under 28 U.S.C. § 1446. A copy of the Summons and Return of Service is attached hereto as **Exhibit B**.

4.      The parties are completely diverse. Plaintiff alleges she is a resident of Shelby County, Tennessee. See **Exhibit A, Complaint Paragraph 2**. Defendant is a foreign corporation organized and existing under the laws of Virgina.

5.      This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) as the suit is between citizens of different states, and the amount in controversy exceeds the sum of $75,000.00.

6.      Regarding the amount in controversy, Plaintiff has set forth a specific ad damnum of $500,00.00 in compensatory damages for her personal injuries allegedly sustained as a result of the accident. While not conceding that the case has a value in excess of $75,000, Defendant submits that the amount in controversy at present is in excess of said amount.

7.      Venue of this removal action is proper pursuant to 28 U.S.C § 1441(a) as this Court is the United States District Court for the district and division where the Civil Action is pending.

8.      In accordance with 28 U.S.C. § 1446(a), true copies of all pleadings filed to date in this action by any party are attached hereto as collective **Exhibit C**.

9.      In accordance with 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served by U.S. mail on counsel for Plaintiff and a Notice of Filing of Notice of Removal is being filed with the Circuit Court for Shelby County, Tennessee. The necessary filing fees have been paid simultaneously with the filing of the Notice of Removal.

**WHEREFORE, PREMISES CONSIDERED**, Defendant requests that this Court now REMOVE this Civil Action from the Circuit Court of Shelby County, Tennessee, and that further proceedings now be conducted in the United States District Court for the Western District of Tennessee, Western Division, as provided for and consistent with the laws of the United States of America.

Respectfully submitted,

/s/ Nelson T. Rainey
W. David Darnell, No.18615
Nelson T. Rainey, No. 35470
1715 Aaron Brenner Drive, Suite 300
Memphis, Tennessee 38120
Phone: (901) 527-0214
David.darnell@leitnerfirm.com
nelson.rainey@leitnerfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been served on the following attorneys and/or parties:

Ben L. Daniel, Esq.
Attorney for Plaintiff
145 Court Avenue #201
Memphis, Tn 38103
(901) 525-5555 *(phone)*
(901) 525-7642 *(facsimile)*
Ben@Daniellawfirm.com

via U.S. Mail, postage prepaid, via electronic means, and/or via electronically filing the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification of the filing to the above listed attorney,

on this 18th day of May, 2021.

/s/ Nelson T. Rainey
W. David Darnell
Nelson T. Rainey

IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

---

GLADYS GARNER, **FILED**

    Plaintiff,       APR 1 5 2021

vs.            CIRCUIT COURT CLERK      CT- 1511-21   Div. IV
                    BY_____D.C.      **JURY DEMAND**

DOLLAR TREE STORES, INC.,

    Defendant.

---

## COMPLAINT

---

TO THE HONORABLE JUDGES OF THE CIRCUIT COURT OF SHELBY COUNTY,

TENNESSEE:

COMES NOW your Plaintiff, Gladys Garner and sues the Defendant Dollar Tree Stores,

Inc., for her cause of action and would show to the Court as follows:

### JURISDICTION AND VENUE

1.      This Complaint is for damages sustained by Plaintiff, Gladys Garner as the direct

and proximate result of a fall occurring in Memphis, Shelby, Tennessee, on the 18th day of April

2020. Jurisdiction is conferred upon this Honorable Court by virtue of Tennessee Code Annotated

§16-10-101. This Honorable Court is the proper forum with respect to venue as prescribed by



-1-

Tennessee Code Annotated §20-4-101, in so much as the cause of action arose in Shelby County, Tennessee, and in so much as the Defendant are doing business in Memphis, Tennessee.

## PARTIES

2.      Gladys Garner is a resident citizen of Memphis, Shelby, Tennessee, residing at 26 W. Paxton Lane, 38109.

3.      Dollar Tree Stores, Inc. is an active corporation, authorized to do and doing business in Memphis, Shelby County, Tennessee, whose principal offices are located at 500 Volvo Parkway, Chesapeake, VA  23320, and whose registered agent for service is Corporation Service Company, 2908 Poston Avenue, Nashville, TN  37203.

## FACTS AND ACTS OF NEGLIGENCE

4.      That on or about the 18th day of April 2020, Plaintiff Gladys Garner was shopping at Defendant's Store #5311 located at 3697 Hickory Hill Road, in Memphis, Shelby County, Tennessee.  While Plaintiff was checking out at the cash register, there was a crowd all trying to check out at the same time.  In that area were some boxes stacked presumably full of items to stock the shelves.  In the crowd, the boxes were not visible to Plaintiff and were in an area where the customers were standing.  Plaintiff tripped and fell over the boxes that were left on the floor near the cash register by their employee(s).  There was no warning sign in the area.  That said premises Plaintiff was patronizing were in a dangerous condition, and that said dangerous condition caused

Plaintiff's serious injuries.  That Defendant had actual or constructive notice of this dangerous condition and had failed to do anything to correct said dangerous condition.

## FIRST CAUSE OF ACTION

## VIOLATION OF COMMON LAW NEGLIGENCE

5.      That the actions of the Defendant were the proximate cause of this accident and that they were guilty of one or more of the following acts of common law negligence which were the proximate cause of the injuries to the Plaintiff:

a)      That the Defendant, by and through their agents, servants and/or employees failed to maintain the premises in a safe and prudent manner, whereby promoting a proper and safe place for the patrons lawfully upon the premises.

b)      That the Defendant failed to exercise reasonable and ordinary care in the inspection and maintenance of said premises when they knew or should have known that same was in poor condition.

c)      That the Defendant were guilty of negligence in that they carelessly failed to exercise due care and caution required of a reasonable prudent businessperson under the same or similar circumstances.

d)      That the Defendant were guilty of negligence in that they failed to inspect said premises after actual or constructive notice was given as to their dangerous state.

-3-

e)      That the Defendant were negligent in that their negligent conduct, by and through their agents, servants and/or employees resulted in the existence of a dangerous condition and an unreasonable risk of harm to the Plaintiff.

f)      That the Defendant, by and through their agents, servants and/or employees, failed to take the affirmative duty to take reasonable steps to inspect the premises for the dangerous condition, and to keep the premises in a safe condition.

g)      That the Defendant, by and through their agents, servants and/or employees, knew or should have known of the hazardous condition which is the subject of this lawsuit, and with this actual or constructive notice should have warned the Plaintiff of the hazardous and dangerous condition.

## SECOND CAUSE OF ACTION

6.      That the Defendant, engaged in the business of owning and operating the premises #5311 located at 3697 Hickory Hill Road, Memphis, Shelby County, Tennessee, are strictly liable for injuries resulting from the dangerous condition which existed on the premises and such was the direct and proximate cause of the injuries and the damages to the Plaintiff in the following particulars:

a)      That the Defendant engaged as the owner(s) and manager(s) of the premises located at 3697 Hickory Hill Road, Memphis, Shelby County, Tennessee, are liable for injuries proximately caused by a defect in the premises and the injuries resulting from the use of the premises by the Plaintiff was reasonably foreseeable by the Defendant.

-4-

b)      That the Defendant knew the premises were unsafe and that they were not safe as an ordinary invitee would expect when used in an intended and reasonably foreseeable manner.

c)      That the defect is one that was hidden at the time or may not be understood or readily apparent to the ordinary prudent person.

d)      The Defendant had a duty to perform reasonable inspections to the premises and to inform the Plaintiff of the dangerous conditions.

e)      The Defendant had a duty to warn Plaintiff and others in her position of dangerous conditions and failed to do inform Plaintiff of the dangerous conditions.

## THIRD CAUSE OF ACTION

7.      That the Defendant as the owner(s) of the premises located at 3697 Hickory Hill Road, Memphis, Shelby County, Tennessee, and engaged in the business of managing said property, are negligent per se, for violations of building, health, and safety codes. The injuries were the direct result of failure to comply with the codes, and such was the direct and proximate cause of the injuries and damages to the Plaintiff in the following particulars:

a)      That there was a duly enacted code, statute, or ordinance, which covered the building or conditions at that time.

b)      The premises, on which the accident occurred, did not conform to the requirements set forth in the code, statute, or ordinance, and resulted in a defective or dangerous condition.

c)      The dangerous condition proximately caused the Plaintiff's injuries.

d)      It was the express intent of the code, statute, or ordinance, to protect the Plaintiff and others in her class, from dangerous conditions that caused her injuries.

## FOURTH CAUSE OF ACTION

### RES IPSA LOQUITUR

8.      The Plaintiff does not propose to be bound by her specific allegations of negligence as set forth herein above, but rather in connection therewith and alternatively relies upon general allegations as to the cause of the fall upon the theory of Res Ipsa Loquitur. The premises located at 3697 Hickory Hill Road, Memphis, Shelby County, Tennessee, and its operation was under the management and control of the Defendant at the time of the fall. The fall was not one that in the ordinary course of events occurs, and if the Defendant, who had the management and control of said premises, had used the care required by law towards persons in the class of the Plaintiff, the fall, together with the resulting injuries and damages would not have occurred. The circumstances afford sufficient evidence in the absence of explanation that the fall arose from want of ordinary care upon the part of the Defendant. Such negligence was the proximate cause of the injuries sustained by Plaintiff and the damages resulting.

## FIFTH CAUSE OF ACTION

## DAMAGES

9.      The Plaintiff, Gladys Garner incorporates by reference, the allegations contained herein above as fully as though the same were set forth at length and in full verbatim and hereby states that as the proximate and direct result of the negligence and illegal acts of the Defendant, Dollar Tree Stores, Inc., Plaintiff has suffered the following damages:

a)      Numerous serious, painful, and permanent injuries.

b)      Necessary medical treatment promulgated by health care providers.

c)      The Plaintiff has endured pain and suffering and will continue to do so in the future.

d)      The expenses of health care providers, certain pharmaceutical products and medicines prescribed by physicians, which were reasonable and necessary certain transportation expenses to and from certain health care providers, which were reasonable and necessary, and other certain out-of-pocket expenses, the nature and amount of yet to be determined.

## SIXTH CAUSE OF ACTION

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS:

10.      Plaintiff, Gladys Garner demands judgment against the Defendant Dollar Tree Stores, Inc., in the amount of $500,000.00, consequential, incidental damages, but not limited to:

a)      Medical expenses -- past, present, and future

b)      Loss of wages -- past, present, and future

c)      Loss of earning capacity -- past, present, and future.

d)      Pain and suffering -- past, present, and future

e)      Loss of enjoyment of life -- past, present, and future

f)      Permanent injury and loss of use – past, present, and future.

11.      That Plaintiff, Gladys Garner demands judgment against the Defendant Dollar Tree

Stores, Inc., in the amount of $500,000.00, and respectfully requests a jury to try this cause.

12.      That this Court award such other and further relief to which Plaintiff may be entitled.

Respectfully submitted,

Ben L. Daniel, No. 16049
Attorney for Plaintiff
145 Court Avenue #201
Memphis, Tennessee  38103
901-525-5555 (phone)
901-525-7642 (fax)
Ben@DanielLawFirm.com



# Notice of Service of Process

JWG / ALL
**Transmittal Number: 23090606**
**Date Processed: 04/21/2021**

| | |
|---|---|
| **Primary Contact:** | Cynthia Bertucci<br>Dollar Tree Stores Inc<br>500 Volvo Pkwy<br>Chesapeake, VA 23320-1604 |
| **Electronic copy provided to:** | JJ Jacobson-Allen<br>Heather Hunter |
| **Entity:** | Dollar Tree Stores, Inc.<br>Entity ID Number  3697563 |
| **Entity Served:** | Dollar Tree Stores, Inc. |
| **Title of Action:** | Gladys Garner vs. Dollar Tree Stores, Inc. |
| **Matter Name/ID:** | Gladys Garner vs. Dollar Tree Stores, Inc. (11161957) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Shelby County Circuit Court, TN |
| **Case/Reference No:** | CT-1511-21 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 04/21/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ben L. Daniel<br>901-525-5555 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
**140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103**
**FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS**

## SUMMONS IN CIVIL ACTION

Docket No. C-T-1511-21

⦿ Lawsuit
◯ Divorce

Ad Damnum $ _____

| GLADYS GARNER | | DOLLAR TREE STORES, INC. |
|---|---|---|
| | VS | |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

DOLLAR TREE STORES, INC.
c/o Corporation Service Company, Agent for Service
2908 Poston Ave.
Nashville, TN 37203

Method of Service:
◯ Certified Mail
◯ Shelby County Sheriff
◯ Commissioner of Insurance ($)
◯ Secretary of State ($)
⦿ Other TN County Sheriff ($)
◯ Private Process Server
◯ Other

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **Ben L. Daniel, Daniel Law Firm**          Plaintiff's

attorney, whose address is **145 Court Ave #201, Memphis, TN  38103**

telephone **901/525-5555**          within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _April 15, 2021_          By _____, D.C.

TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, TEMIIKA D. GIPSON / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20__

TEMIIKA D. GIPSON, Clerk / DONNA RUSSELL, Clerk and Master     By: _____, D.C.

RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

By: _____

_____

Signature of person accepting service                                         Sheriff or other authorized person to serve process

RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process